## 56657. DARDEN v. RAPKIN.

BIRDSONG, Judge.
Appellant Darden appeals the denial of her writ of certiorari from the Recorder's Court of DeKalb County to the superior court following her conviction of a traffic violation and fine. *Held:*
1. Appellee's motion to dismiss the appeal for failure

to file enumerations of error in a timely fashion is denied. *Foskey v. Dockery,* 143 Ga. App. 63 (1) (237 SE2d 532).

2. Appellant Darden complains that the Recorder erred in its findings of fact and conclusions of law and entry of judgment thereon. The facts show that Ms. Darden was driving in DeKalb County when a motorcycle policeman came in behind her with a radar device mounted upon his handlebars and clocked her speed as being in excess of the posted limit. The parties do not contest that at the time Ms. Darden was clocked, the motorcycle was within 500 feet of Ms. Darden's car and clearly visible to Ms. Darden, nor is it disputed that the radar detection device itself was not concealed or otherwise obscured. Ms. Darden argues, however, that the 8"x8" radar box utilized by the arresting officer was too small to be visible, and therefore violative of Ga. L. 1968, pp. 425, 427 (Code Ann. § 68-2107), which provides: "No speed detection device shall be employed where it is not visible to approaching motorists for a distance of at least 500 feet."

It is clear that Code Ann. § 68-2107, as effective at the time of Ms. Darden's arrest, is concerned with a stationary radar device. This conclusion is further supported by the amendment to the section effective July 1, 1978 (Ga. L. 1978, p. 1968) which provides: "No speed detection device shall be employed where *the vehicle* from which the device is operated is not visible to approaching motorists for a distance of at least 500 feet." (Emphasis supplied.) We are satisfied that the General Assembly, in enacting Code Ann. § 68-2107, was concerned with the so-called "speed trap" wherein unwary motorists are lured into a speed trap designed not so much to control traffic but to generate fees from traffic fines. Even accepting, arguendo, the strict interpretation of the statute urged by appellant, the device in question was literally "visible," i.e., in the direct line of sight, within the meaning of Code Ann. § 68-2107, notwithstanding its diminutive proportions. Giving credence to Ms. Darden's arguments, we are convinced that the original version of the Code section, which was in effect at the time of her speed detection, was intended to proscribe hidden devices, not those that by virtue of their size might not be visible at a distance of 500 feet. The

radar device in this case was not used in violation of Code Ann. § 68-2107. It follows that the trial court did not err in denying the writ of certiorari based upon those grounds.

Judgment affirmed. Bell, C. J., and Shulman, J., concur.

SUBMITTED OCTOBER 10, 1978 — DECIDED NOVEMBER 14, 1978.

Carter, Ansley, Smith & McLendon, James B. Gurley, for appellant.
George P. Dillard, Gail C. Flake, for appellee.